## Succession of Prudence D'Aquin, f. w. c.

The curator of a succession, appointed in 1833, is not liable to the penalties imposed by the Act of
1837, for his failure to deposit the money of the succession in a bank.

APPEAL from the Second District Court of New Orleans, *Lea*, J.
    *Morse*, Attorney General, for plaintiff.    *Grandmont*, for defendant and
appellant.

BUCHANAN, J.   On the 14th June, 1833, *Jean Theophile Cavelier* applied for
the curatorship of this estate.   His petition states that the deceased was in-
testate, and had left no relations in this State.   He was appointed curator, the
legal formalities being complied with, and an attorney was appointed to repre-
sent the absent heirs.

On the 30th July, 1833, an order was made for the sale of the effects of the
succession.

On the 17th March, 1853, a motion was made in the court where the succes-
sion was opened, by *Thomas H. Howard*, Esq., as attorney for the State Treas-
urer, and suggesting to the court that the administrator of this estate had never
filed an account, and that no heirs had presented themselves, that the curator
show cause within ten days, why he should not file an account of his adminis-
tration, and further, that he file his bank-book.

On the 1st April, 1853, the curator filed his account of administration, shew-
ing a balance in his hands of $698 20, and accompanied by vouchers for pay-
ments to the amount of $924 79, which appear to have been all made within a
few months after the opening of the succession.

The State Treasurer, represented as before, made opposition to this account,
alleging that the curator had never deposited in bank the funds received by
him in that capacity, as required by law (Act of 1837); and that for not hav-
ing done so, he was liable to pay interest at the rate of 20 per cent. per annum
on the balance acknowledged by him.   The opposition further alleged, that no
heirs having presented themselves, the succession belonged to the State.   Where-
fore opponent prayed, that the account be amended and the curator condemned

to pay into the State Treasury the balance ($698 20) acknowledged by him, together with interest on said balance, from the date of the Act of 1837 (March 13th, 1837).

This opposition was submitted to the District Court, and judgment was rendered upon the same, according to the conclusions of the opposition. From this judgment, the curator appealed; and this court held, that the State Treasurer was incompetent to represent the State, through the ministry of an attorney at law, selected by him, to enforce the payment of balances due by curators into the State treasury,—such balances constituting no portion of the revenue of the State, but being in the hands of the State Treasurer merely deposits, subject to the claim of heirs. See the case of *Succession of D'Aquin*, 9th An., 400. The judgment of the District Court was, therefore, reversed, and the cause remanded with instructions not to act further upon the account of curatorship until notice to the Attorney General.

Upon the return of this mandate, the Attorney General appeared in the District Court and adopted, on behalf of the State, the opposition filed by the State Treasurer, which was thereupon submitted, upon the record ; and from a similar judgment to that first rendered, the curator again appeals.

He urges in this court that the present case is not properly within the purview of the Act of 1837, both because the moneys in his hands belonging to this succession, were received long previous to the passage of the Act in question; and because the proceeding is not in accordance with the provisions of said Act, nor taken by "a creditor or other person interested," according to the words of the statute.

We do not think this case comes within the scope of the Act of 1837, under the interpretation given to that statute by several decisions of this court.

In the case of *Brown* v. *Williams*, 16th Louisiana Report, 344, it was held: That the administrator appointed more than one year before the Act of 1837, was *functus officio* at the date of that Act; and that the seventh section of the Act is not to be construed as reviving the administration.

In *Thomas* v. *Bourgent*, 1st Robinson, 406, that interest could not be charged against a defaulting administrator, under the Act of 1837, when the administration had already expired at the date of the passage of that Act.

In *Rodriguez* v. *Dubertrand*, 1st Robinson, 539, that the penalties created by the Act of 1837, only attach to cases arising subsequent to its promulgation.

See also the case of *Desorme's Succession*, 10th Robinson, 480.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed ; that the opposition of the State be dismissed, and that the account of curatorship be homologated, at the costs of the succession.